UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| AHMAD EL SAMAD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 2:17 CV 365 |
| | ) |
| AHMED F. SHOUKRY, | ) |
| | ) |
| Defendants. | ) |

## OPINION and ORDER

Plaintiff Ahmad El Samad ("El Samad") brings suit against defendant Ahmed F. Shoukry ("Shoukry"). (DE # 1.) The matter is now before the court on defendant's motion to dismiss. For the reasons set forth below, the motion to dismiss (DE # 14) will be granted in part.

### I. BACKGROUND

Plaintiff alleges that he and defendant had a "partnership contract for the operation of a medical clinic (podiatry) in the State of Illinois." (DE # 1 ¶ 2.) In addition to the partnership agreement, defendant also worked under an employment agreement. (*See id*. ¶ 6.) According to plaintiff, defendant failed meet the requirements of these agreements, causing financial loss and other damages. (*Id*. ¶ 7.) Based on these events, plaintiff filed a complaint against defendant on September 18, 2017, alleging "breach of contract," "breach," "extortion," and "false claims." (*Id*.)

The two alleged agreements—the partnership and employment agreements—

are at the heart of the complaint. Defendant's employment agreement is titled "Agreement for Professional Services" and it is attached to the complaint. ("Employment Agreement," DE # 1-1 at 5–12.) The parties to that agreement are defendant Dr. Shoukry and The Institute of Foot & Ankle Reconstructive Surgery, LLC, an Indiana limited liability company (the "Indiana LLC"). (*Id.* at 5.) Plaintiff did not attach the partnership agreement to the complaint.

On October 13, 2017, defendant filed a motion to dismiss the claims against him. (DE # 14.) He attached the partnership agreement, which is titled "Operating Agreement of The Institute of Foot & Ankle Reconstructive Surgery of Illinois, LLC." ("Partnership Agreement," DE # 15-1.) The parties to that agreement are The Institute of Foot & Ankle Reconstructive Surgery of Illinois, LLC (the "Illinois LLC") (signature by El Samad as a manager for the LLC), El Samad (as a member of the LLC), Shoukry (as a member of the LLC), and Dr. Murad Abdel-Qader (as a member of the LLC). (*Id.* at 11–12.) Both of these two agreements are relevant, as Count I of plaintiff's complaint alleges anticipatory breach of the Employment Agreement and Count II alleges breach of "both agreements," meaning both the Employment and Partnership Agreements.[1] (*Id.* ¶¶ 6–7.)

On November 27, 2017, plaintiff responded to defendant's motion to dismiss.

---

[1] Plaintiff contends that the complaint is "solely about the Indiana [Employment] Agreement." (DE # 27-1 at 7.) However, this argument is clearly inconsistent with the plain wording of Count II which references the Employment and Partnership Agreements and alleges the "*breach* of both said agreements." (*Id.* (emphasis in original).)

(DE # 27.) On December 8, 2017, defendant filed a reply in support of his motion to dismiss. (DE # 29.) Thus, the motion is fully briefed and ripe for review.

**II.     LEGAL STANDARD**

Defendant has moved to dismiss plaintiffs' claims under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. A judge reviewing a complaint under a Rule 12(b)(6) standard must construe it in the light most favorable to the non-moving party, accept well-pleaded facts as true, and draw all inferences in the non-movant's favor. *Erickson v. Pardus* , 551 U.S. 89, 93 (2007); *Reger Dev., LLC v. Nat'l City Bank,* 595 F.3d 759, 763 (7th Cir. 2010). Under the liberal notice-pleading requirements of the Federal Rules of Civil Procedure, the complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To satisfy Rule 8(a), "the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson*, 551 U.S. at 93 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

"While the federal pleading standard is quite forgiving, . . . the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ray v. City of Chicago,* 629 F.3d 660, 662-63 (7th Cir. 2011); *Twombly,* 550 U.S. at 555, 570. A plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). To meet this standard, a complaint does not need detailed factual allegations, but it must go beyond providing "labels and

3

conclusions" and "be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citing *Sanjuan v. Am. Bd. of Psychiatry & Neurology*, 40 F.3d 247, 251 (7th Cir. 1994) among other authorities). As the Seventh Circuit recently explained, a complaint must give "enough details about the subject-matter of the case to present a story that holds together." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010).

Defendant also moves for dismissal under Federal Rule of Civil Procedure 12(b)(1). A motion to dismiss under Rule 12(b)(1) asserts that the court lacks jurisdiction over the subject matter. A Rule 12(b)(1) motion can present either a facial or factual challenge to subject-matter jurisdiction. *Apex Digital, Inc. V. Sears, Roebucks & Co.*, 572 F.3d 440 (7th Cir. 2009). A facial attack is a challenge to the sufficiency of the pleading itself. *Id.* When such a challenge has been presented, the court takes all well-pleaded factual allegations as true and draws all reasonable inferences in favor of the plaintiff. *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999). Conversely, where there is a factual challenge to subject-matter jurisdiction, "the district court may properly look beyond the jurisdictional allegations of the complaint . . . to determine whether in fact subject matter jurisdiction exists." *Sapperstein v. Hager*, 188 F.3d 852, 855 (7th Cir. 1999) (internal quotation marks and citation omitted).

### III. DISCUSSION

Defendant moves to dismiss the claims against him on multiple grounds. However, the court will first address his argument that the action should be dismissed because this court lacks subject matter jurisdiction, along with the related argument for

4

dismissal pursuant to Rule 17 of the Federal Rules of Civil Procedure. Without jurisdiction, this court cannot proceed in this case at all. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998).

Plaintiff pleads that jurisdiction is proper in this court based on diversity. (DE # 1 at 2.) A federal court may exercise diversity jurisdiction if the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332. Since plaintiff has invoked federal jurisdiction, he bears the burden of demonstrating its existence. *Hart v. FedEx Ground Package Sys. Inc.*, 457 F.3d 675, 79 (7th Cir. 2006). On the face of the complaint, plaintiff's allegations seem to establish diversity, because plaintiff is a resident of Indiana, defendant is a resident of Illinois, and the amount in controversy "exceeds $ 200,000." (*See* DE # 1 at 2.) Defendant does not dispute those allegations. Instead, he argues that plaintiff's suit has neglected to include proper parties—the Indiana LLC and the Illinois LLC—whose inclusion would defeat diversity. (DE # 15 at 7.)

For support, defendant relies on the language of the Employment and Partnership Agreements which include the Indiana and Illinois LLCs as parties, respectively. (*See id*. at 4–7.) Because defendant's challenge to jurisdiction pertains to facts outside of the pleadings, the court may consider evidence outside of the pleadings. *See Sapperstein v. Hager*, 188 F.3d 852, 855 (7th Cir. 1999); *see also Rittmeyer v. Advance Bancorp, Inc.*, 868 F. Supp. 1017, 1021 (N.D. Ill. 1994). Thus, the court may examine the Partnership Agreement provided by defendant, in addition to the Employment

5

Agreement which was attached to the complaint. The court will now examine those agreements, beginning with the Employment Agreement and the associate claims for anticipatory breach (Count I) and breach (Count II).

   A.   *The Employment Agreement*

According to the terms of the Employment Agreement, it is an agreement between defendant Shoukry and the Indiana LLC. (DE # 1-1 at 5.) Plaintiff El Samad is not listed as a party to the agreement. Accordingly, defendant argues that the Indiana LLC is the proper plaintiff for claims relating to the Employment Agreement as it is the "real party in interest in this case," rather than El Samad. (DE # 15 at 4.) Rule 17(a)(1) of the Federal Rules of Civil Procedure states that "[a]n action must be prosecuted in the name of the real party in interest."

To determine the real party in interest, the court must look to the applicable state substantive law. *Am. Nat'l Bank & Trust Co. v. Weyerhaeyser Co.*, 692 F.2d 455, 459–60 (7th Cir. 1982). The Employment Agreement is governed by the laws of the state of Indiana. (DE # 1-1 at 11.) Generally, under Indiana law, plaintiff would not have rights under the Employment Agreement, since he is not a party to it, per the terms of the contract itself. *See Dulworth v. Bermudez*, 97 N.E. 3d 272, 278 (Ind. Ct. App. 2018); *see also Sunman Dearborn Cmty. Sch. Corp. v. Kral-Zepf-Freitag & Assocs.*, 338 N.E. 3d 707, 709 (Ind. Ct. App. 1975) ("As a general rule, the identity of the parties to a contract is ascertained from an examination of the written instrument . . . ."). Thus, plaintiff would have no authority to bring claims for breach of the Employment Agreement and would not be

the real party in interest.

In his response, plaintiff asserts that he is the proper party in interest under Rule 17, but he provides no Indiana substantive law in support of that assertion. (*See* DE # 27-1 at 8.) Rather, he asserts only that he may sue in his own name under the Indiana Agreement because he is an "administrator" of the agreement. (*Id*.) According to Rule 17(a)(1), an "administrator" may file suit "in their own [name] without joining the *person* for whose benefit the action is brought," Fed. R. Civ. P. 17(a)(1) (emphasis added).

Still, there are two problems with plaintiff's argument. First, El Samad is not listed as an administrator anywhere in the Employment Agreement or even in the complaint itself. (*See* DE ## 1, 1-1.) He is listed only as a "member" of the Indiana LLC. (DE # 1-1 at 12.) Second, even if he was an administrator, plaintiff provides no support for the notion that Rule 17(a)(1) applies to allow an individual to bring suit on behalf of—and without joining—a *limited liability company*.

Since plaintiff provides no argument properly supported by Rule 17 or Indiana law, the court will defer to the general rule that a non-party has no rights under the contract. Therefore, the court finds that plaintiff has not demonstrated that he is the real party in interest for the claims relating to the Employment Agreement. The Indiana LLC, as a party to the Employment Agreement, is a "real party in interest."

Although plaintiff's complaint fails to name the Indiana LLC as a plaintiff, the court may not dismiss these claims until it has given the Indiana LLC a reasonable time

7

to join or be substituted into the action. Fed. R. Civ. P. 17(a)(2). Accordingly the court will grant plaintiff 30 days to move for leave to file an amended complaint. However, in the motion for leave, plaintiff must demonstrate that amendment would not be futile. *Gonzalez-Koeneke v. West*, 791 F.3d 801, 807 (7th Cir. 2015) ("District courts . . . have broad discretion to deny leave to amend . . . where the amendment would be futile." (internal quotation marks omitted)).

To prove that amendment would not be futile, plaintiff must demonstrate that diversity jurisdiction would not be defeated by adding the Indiana LLC as a plaintiff. "For diversity jurisdiction purposes, the citizenship of an LLC is the citizenship of each of its members." *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2006). For the court's information, plaintiff must provide a jurisdictional statement identifying the citizenship of each of the members of the Indiana LLC as of the date of the complaint. *See id.*; *see also Belleville Catering Co. v. Champaign Mkt. Place, L.L.C.*, 350 F.3d 691, 693 (7th Cir. 2003) ("It is not possible to litigate under the diversity jurisdiction with details kept confidential from the judiciary."). As of now, the court has no information on the membership of the Indiana LLC. However, since defendant is a resident of Illinois, if any of the Indiana LLC's members are residents of Illinois, complete diversity would not exist and this court would lack subject matter jurisdiction over the action. *See Belleville Catering Co.*, 350 F.3d at 693 (finding complete diversity was lacking where some of the defendant LLC's members were Illinois citizens and the plaintiff was an Illinois corporation).

8

B.  *The Partnership Agreement*

Next, the court looks to the Partnership Agreement and plaintiff's related claim for breach of that agreement (Count II). Defendant once again argues that plaintiff is not a party to the agreement and is, therefore, not the "real party in interest" for the claim. Yet, according to the plain terms of the Partnership Agreement, defendant is incorrect. The very first page of the agreement states that "[t]his [Agreement] is entered into . . . by the following parties: 1. Dr. Ahmed Fayez Shoukry . . . ; 2. Dr. Murad Abdel-Qader . . . ; 3. Dr. Ahmad K. El-Samad . . . ; and 4. The Institute of Foot & Ankle Reconstructive Surgery of Illinois, LLC." (DE # 15-1 at 1.)

Curiously, plaintiff El Samad's response brief does not mention his designation as a "party" to the agreement. Once again, plaintiff merely argues that he is an "administrator" of the Partnership Agreement. (DE # 27-1 at 8.) But, El Samad is not listed as an administrator anywhere in the Partnership Agreement or in the complaint. (*See* DE ## 1, 15-1.) Instead he is listed as a "member" and as a "manager" of the LLC. (DE # 15-1 at 1–2.)

Rather than relying on the parties' flawed arguments, the court is required to determine the real party in interest using the applicable state substantive law. *Am. Nat'l Bank & Trust Co.*, 692 F.2d at 459–60. Here, the Partnership Agreement says it is to be governed by the laws of the State of Illinois. (DE # 15-1 at 10.) Unfortunately, neither party makes any reference to Illinois substantive law whatsoever on this issue. Moreover, neither party addresses whether a member or manager of an LLC has a right

9

to sue under an LLC operating/partnership agreement.

Given the lack of relevant arguments provided by either party on this issue, the court cannot conclude, at this time, that plaintiff is *not* the real party in interest and the court cannot grant the motion to dismiss on this basis.

Ultimately, if the court were to conclude that the Illinois LLC is the real party in interest for claim for breach of the Partnership Agreement, then the Illinois LLC would have to be added to the case pursuant to Rule 17(a)(2). The court would then need to determine the Illinois LLC's citizenship for diversity purposes. Unlike with the Indiana LLC, the record contains a list of the members of the Illinois LLC and their citizenship. (DE # 15-1 at 1.) According to the Partnership Agreement, the Illinois LLC has three members, two who reside in Illinois (Shoukry and Abdel-Qader) and one who resides in Indiana (El Samad). (*Id.*) Thus, based on the evidence before the court, the Illinois LLC is a citizen of both Illinois and Indiana and, therefore, adding the Illinois LLC to the suit as a plaintiff would defeat complete diversity.

Moving forward, if El Samad continues to assert a claim for breach of the Partnership Agreement, he must demonstrate that joining the Illinois LLC is not required under Rule 17. He must show that he is the real party in interest and support his argument with some *substantive Illinois law*. If he does not, he will not have met his burden of demonstrating subject matter jurisdiction. See *Hart*, 457 F.3d at 679.

**IV. CONCLUSION**

For the foregoing reasons, the court **GRANTS** the motion to dismiss (DE # 14) in part as to Counts I and II. Furthermore, the court **GRANTS** plaintiff until **August 22, 2018** to move for leave to amend the complaint in order to (1) include the real parties in interest for all claims that remain in the amended complaint and (2) demonstrate that complete diversity exists for all parties.

Because the question of subject matter jurisdiction remains, the court will not address any further arguments in the motion to dismiss or any other motions at this time. Accordingly, the court **DENIES** plaintiff's "motion for enjoinder" (DE # 27) with leave to refile once jurisdiction is resolved.

                                      **SO ORDERED**.

Date: July 23, 2018

                              s/James T. Moody
                              JUDGE JAMES T. MOODY
                              UNITED STATES DISTRICT COURT