UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| AHMAD EL SAMAD, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No. 2:17 CV 365 |
|  | ) |  |
| AHMED F. SHOUKRY, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

# OPINION and ORDER

## I.  BACKGROUND

Plaintiff Ahmad El Samad ("El Samad") brings suit against defendant Ahmed F. Shoukry ("Shoukry").[1] (DE # 1.) Plaintiff alleges that he and defendant entered into two agreements: a partnership agreement for the operation of a medical clinic ("Partnership Agreement," DE # 15-1), and an employment agreement ("Employment Agreement," DE # 1-1 at 5–12). (DE # 1 ¶¶ 2, 6.) According to plaintiff, defendant failed to meet the requirements of these agreements, causing financial loss and other damages. (*Id.* ¶ 7.) Based on these events, plaintiff filed a complaint against defendant on September 18, 2017, alleging "breach of contract," "breach," "extortion," and "false claims." (*Id.*)

Defendant moved to dismiss the complaint on October 13, 2017. (DE # 14.) That motion was fully briefed by the parties. On July 23, 2018, this court issued an order

---

[1] What follows is an abridged summary of the case. Additional facts are outlined in the court's prior order at docket entry number 40.

which (1) granted defendant's motion to dismiss in part, (2) granted plaintiff until August 22, 2018, to move for leave to amend the complaint, and (3) reserved ruling on all other arguments made by defendant in the motion to dismiss. (DE # 40.) The deadline set in that order has now passed, and plaintiff has not moved for leave to amend. For the following reasons, all of the claims in plaintiff's complaint are dismissed.

## II. LEGAL STANDARD

Defendant has moved to dismiss plaintiffs' claims under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. A judge reviewing a complaint under a Rule 12(b)(6) standard must construe it in the light most favorable to the non-moving party, accept well-pleaded facts as true, and draw all inferences in the non-movant's favor. *Erickson v. Pardus* , 551 U.S. 89, 93 (2007); *Reger Dev., LLC v. Nat'l City Bank,* 595 F.3d 759, 763 (7th Cir. 2010). Under the liberal notice-pleading requirements of the Federal Rules of Civil Procedure, the complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To satisfy Rule 8(a), "the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson*, 551 U.S. at 93 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

"While the federal pleading standard is quite forgiving, . . . the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ray v. City of Chicago,* 629 F.3d 660, 662-63 (7th Cir. 2011);

2

*Twombly,* 550 U.S. at 555, 570. A plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). To meet this standard, a complaint does not need detailed factual allegations, but it must go beyond providing "labels and conclusions" and "be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citing *Sanjuan v. Am. Bd. of Psychiatry & Neurology*, 40 F.3d 247, 251 (7th Cir. 1994) among other authorities). As the Seventh Circuit recently explained, a complaint must give "enough details about the subject-matter of the case to present a story that holds together." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010).

### III. DISCUSSION

#### A. Count I: Breach of Contract

Count I of the complaint alleges breach of the Employment Agreement (DE # 1 ¶ 6.) In its prior order, the court ruled that plaintiff had not demonstrated he was the real party in interest for claims related to the Employment Agreement. (*See* DE # 40 at 7.) Instead, the court found that The Institute of Foot & Ankle Reconstructive Surgery, LLC, (the "Indiana LLC"), was the real party in interest for those claims.

Under Rule 17(a)(1) of the Federal Rules of Civil Procedure, an action must be prosecuted in the name of the real party in interest. Pursuant to Rule 17(a)(2), the court has given plaintiff a reasonable amount of time, 30 days, to join or substitute the Indiana LLC into the action. (DE # 40 at 7–8.) Plaintiff failed to move for leave to amend the complaint or otherwise join the Indiana LLC during that time period. Accordingly,

Count I of the complaint is dismissed.

B. *Count II: Breach*

Count II of the complaint alleges breach of both the Employment Agreement and the Partnership Agreement. (DE # 1 ¶ 7.) For the same reasons that Count I was dismissed, the court also dismisses Count II to the extent it relates to breach of the Employment Agreement.

As to the Partnership Agreement, the court previously ruled that—due to the lack of relevant law and arguments provided by both parties—it could not determine whether plaintiff was the real party in interest for claims related to the Partnership Agreement. (*See* DE # 40 at 9–10.) However, for jurisdictional reasons, the court concluded that plaintiff held the burden of demonstrating that he, and not the Institute of Foot & Ankle Reconstructive Surgery of Illinois, LLC, (the "Illinois LLC"), is the real party in interest for this claim.[2] (*Id.*)

The court granted plaintiff until August 22, 2018, to meet that burden. Specifically, the court warned plaintiff that his claim for breach of the Partnership Agreement could not survive if he did not demonstrate that he is the real party in interest, under Rule 17. As stated above, plaintiff has not yet responded to the court's order in any manner. Therefore, he has failed to meet his burden. Accordingly, Count II

---

[2] As discussed in the court's prior order, adding the Illinois LLC to the action, under Rule 17(a)(2), would defeat complete diversity. (*See* DE # 40 at 10.) Since plaintiff has invoked federal jurisdiction, he bears the burden of demonstrating its existence. *Hart v. FedEx Ground Package Sys. Inc.*, 457 F.3d 675, 79 (7th Cir. 2006).

4

of the complaint is dismissed in its entirety.

  C.  *Count III: Extortion*

In his motion to dismiss, defendant also moved for dismissal of Counts III and IV of the complaint pursuant to Rule 12(b)(6) for failure to state a claim. (DE # 15 at 11–13.) In its prior order, the court reserved ruling on these arguments. The court will now address defendants' arguments regarding Counts III and IV.

In Count III of the complaint, plaintiff alleges that defendant threatened to cause the closure of the medical clinic if plaintiff did not sign new employment and partnership agreements. According to plaintiff, this constitutes extortion.

Defendant moves to dismiss this claim on the grounds that there is no *civil* claim for extortion under Indiana law or federal law. (DE # 15 at 11 (citing *Bledsoe v. Capital One Auto Fin.*, 2016 WL 1270206, at *5 (S.D. Ind. Mar. 31, 2016)).) In *Bledsoe*, the plaintiff failed to identify any law on which to base a civil claim for extortion. *Bledsoe*, 2016 WL 1270206, at *5. Since the court knew of no legal basis for the extortion claim, it dismissed the claim. *Id*.

In the case at hand, plaintiff does not contend that a civil claim for extortion exists under the current law. Instead, he argues that the court should consider the extortion claim "under a theory of First Impression." (DE # 27-1 at 12.) In support of this proposition, plaintiff cites to *The Hope Source v. B.T. by Troutman*, 83 N.E.3d 144 (Ind. App. 2017). However, *Hope Source* deals with the admissibility of evidence, not the establishment of a new cause of action in Indiana. *See id*. at 145–48. Consequently,

5

plaintiff has not demonstrated that extortion is a valid civil cause of action and Count III of the complaint is dismissed.

    D.    *Count IV: False Claims*

Plaintiff alleges defendant filed a false claim for unemployment benefits, even though he knew he had not been terminated by plaintiff. (DE # 1 ¶ 9.) Defendant argues that plaintiff has failed to articulate a viable private civil cause of action for "false claims." (DE # 15 at 11–12.) Although the complaint itself does not provide a legal basis for this claim, defendant surmises that plaintiff seeks to bring this claim under the Illinois Unemployment Insurance Act (the "Act"), 820 ILCS 405/100, *et seq*. That statue provides for judicial review of decisions made by the Board of Review, but states that those decisions "shall be reviewable only under and in accordance with the provisions of the Administrative Review Law, provided that judicial review thereof shall be permitted only after any party claiming to be aggrieved thereby has exhausted his administrative remedies as provided by this Act." 820 ILCS 405/1100.

Plaintiff seems to concur that his intention was to bring a claim under the Act, as he agrees, in his response, that "the administration of unemployment requires that all disputes be resolved administratively before any party can pursue a private cause of action." (DE # 27-1 at 8.) Moreover, his response provides no other basis for a private cause of action for false claims. (*See id.*)

Plaintiff argues that he satisfied the exhaustion requirements when he sent a request for resolution to the administration, and received no response. (*Id.* at 8.)

Plaintiff's "request for resolution" is a fax that he purportedly sent to the unemployment office. (*Id*.) Plaintiff attached a copy of the fax to his response. (DE # 27-2 at 2.) However, that fax was sent after plaintiff filed this lawsuit. (*Id*.) Therefore, plaintiff had not exhausted administrative remedies prior to filing his claim in Count IV of the complaint.

More importantly, even if plaintiff had properly exhausted administrative remedies, the Act only provides for a right to *judicial review* of decisions made by the Board of Review. However, plaintiff's claim for false claims is brought against defendant Ahmed Shoukry. Plaintiff has provided no legal basis which would allow him to seek judicial review by bringing a claim against an *individual defendant* who is not affiliated with the Board of Review or the unemployment office.

Since plaintiff has not demonstrated that he is able to assert a private cause of action against defendant, this claim is dismissed.

  E.  Fraud Claim

The complaint does not contain a separate "count" for a fraud claim. However, the complaint briefly states that defendant's false unemployment claim (see prior section) "seeks to extract funds from insurance paid for by [plaintiff] and constitutes *fraud*." (DE # 1 ¶ 9.) Defendant moves to dismiss this claim on the grounds that plaintiff fails to state a claim.

In Indiana, adequately pleading a common-law fraud claim requires the Plaintiff to allege: "(1) a material misrepresentation of past or existing fact which (2) was untrue,

7

(3) was made with knowledge of or in reckless ignorance of its falsity, (4) was made with the intent to deceive, (5) was rightfully relied upon by the complaining party, and (6) which proximately caused the injury or damage complained of." *Kesling v. Hubler Nissan, Inc.*, 997 N.E.2d 327, 335 (Ind. 2013). Similarly, the Illinois elements of common law fraud are "(1) false statement of material fact; (2) defendant's knowledge that the statement was false; (3) defendant's intent that the statement induce the plaintiff to act; (4) plaintiff's reliance on the statement; and (5) plaintiff's damages resulting from reliance on the statement." *Miller v. William Chevrolet/GEO, Inc.*, 326 Ill. App. 3d 642, 648 (Ill. App. 2001).[3] When pleading these elements, plaintiff must also meet the heightened pleading standard of Federal Rule of Civil Procedure 9(b) which requires that "[i]n alleging fraud, a party must state with particularity the circumstances constituting fraud."

Plaintiff plainly fails to state a claim for fraud under either state's law. Specifically, in the complaint, plaintiff alleges that defendant made a misrepresentation when he filed his unemployment insurance claim with *a third party*. (*See* DE # 1 ¶ 9.) Plaintiff does not allege that defendant made a misrepresentation *to him* or that he relied upon any such statement. (*See id.*) In his response, defendant states the following regarding fraud:

> Plaintiff sets forth time and place regarding fraud. Plaintiff

---

[3] Due to the lack of details in the complaint regarding fraud, it is unclear whether Indiana law or Illinois law applies to the claim. Regardless, for the reasons stated below, the claim fails under either state's law.

8

>    sets forth in his Complaint that the anticipatory breach
>    (COUNT I) contained both, failure to pass a particular
>    Medical Board Examination and (COUNT II) defendant's
>    erroneous conclusion that he (defendant) had been
>    terminated.

(DE # 27-1 at 9.) Nothing in that statement (or in the portions of the complaint referred to in that statement) indicates defendant made a misrepresentation to plaintiff that plaintiff relied upon in any manner.

For these reasons, plaintiff's fraud claim is dismissed for failure to state a claim.

## IV.   CONCLUSION

For the foregoing reasons, the court **GRANTS** the motion to dismiss (DE # 14) as to all remaining claims and **DISMISSES** the case.

**SO ORDERED**.

Date: September 4, 2018

s/James T. Moody  
JUDGE JAMES T. MOODY  
UNITED STATES DISTRICT COURT